THIGPEN, Judge,
concurring in part, dissenting in part.
I dissent from the majority’s opinion finding that the commissioners communicated extraneous facts concerning a building of which a commissioner had personal knowledge, but of which no evidence was offered at trial. This case arises from a special statute pertaining only to Jefferson County, Alabama, entitled “Expeditious and Economical Tax Appeals”, Title 51, § 110(1), Code of Ala. (1958 Recomp.) The commissioners are not like a petit jury, which is made up of a cross-section of citizens from throughout the county; this statute requires that the commissioners be
“esteemed in the community for their integrity and good judgment, and especially for their good judgment and expertness in the matter of real property values, and shall be limited to persons who are licensed within the county as real estate brokers, salesmen, or appraisers, and whose major livelihood is derived from being actively engaged in a real estate profession in said county.”
The three members selected as commissioners are thereafter appointed as triers of the appeal. Title 51, § 110(1). Still further, this commission
“shall have the duty of fixing and reporting to the court the assessed valuation (this is, sixty per centum of the fair and *501 reasonable market value) of the property as of the applicable time, under the supervision and control of the court, and under such orders, rules and regulations as the court may make pertaining to the matter, but the court shall be under the duty to see to it that every party has the opportunity of presenting to the commission any data relevant to the value of the property involved, and of being heard by argument.”
Experts frequently and of necessity rely on extraneous facts in the formulation of their opinion, and the fact that these three so-called experts chose to rely on information supplied by one of those commissioners, regardless of whether or not said information was produced at any hearing, should not effect a reversal in this case. Simply put, I would not apply the standards of a petit jury to a commission of three experts, whose express duty was to assess the valuation of property. In all other respects, I concur in the majority’s holding.